# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUIS ANTONIO CARRETERO,** | § | |
| **No. 964728 BCADC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-12-CA-273-XR** |
| **W. KARMAN,** | § | |
| **AMADEO ORTIZ,** | § | |
| **SUSAN REED,** | § | |
| **WILLIAM McMANUS,** | § | |
| **SHERYL SCULLEY,** | § | |
| **JULIAN CASTRO,** | § | |
| **JOSE FERNANDEZ,** | § | |
| **ANGELA L/N/U,** | § | |
| **F/N/U GARCIA,** | § | |
| **F/N/U SCOTT,** | § | |
| | § | |
| **Defendants** | § | |

## SHOW  CAUSE  ORDER

Plaintiff Luis Antonio Carretero has filed a 42 U.S.C. § 1983 civil rights complaint.  Plaintiff is incarcerated in the Bexar County Adult Detention Center.

Plaintiff alleges the following.  On May 7, 2011, Plaintiff states he approached "the place of employment" and heard the sound of breaking glass.  Plaintiff does not state whether it was a place at which he was employed.  Two police cars arrived.  An unidentified officer grabbed Plaintiff. Plaintiff tried to explain the situation, but he was ignored.  Plaintiff was handcuffed "extra - extra tight," which caused pain.  Plaintiff was thrown in the patrol car.  In the parking lot of the magistrate building, Plaintiff asked that his handcuffs be loosened due to the pain.  An officer grabbed Plaintiff's shirt and pulled Plaintiff onto Plaintiff's back.  The officer slammed his right hand on Plaintiff's mouth and choked Plaintiff with the left hand.  Although Plaintiff does not specifically state the identity of the officer in his factual narrative of the events, in the part of the complaint that

alleges the acts done by each Defendant, Plaintiff alleges Defendant W. Karman falsely arrested Plaintiff and Karman stuck Plaintiff in the mouth and choked Plaintiff. The officer slammed each hand on Plaintiff for about 45 seconds, inflicting pain. The officer then dragged Plaintiff out of the car. The officer lifted Plaintiff's arms as high as he could, inflicting severe pain.

Plaintiff contends a deputy re-cuffed Plaintiff; lifted Plaintiff's arms high, inflicting pain; left Plaintiff handcuffed for about one hour; and took Plaintiff into a hallway and inflicted more pain at the direction of a magistrate judge in order to "contract" with Plaintiff. Plaintiff does not name that deputy as a defendant, and Plaintiff does not explain what he means by "contract."

Plaintiff contends that in the Bexar County Detention Center there have been ten strip searches. He states he receives very poor nutrition and his meals are child portions with a "lack of teeth," and a lack of iodized salt, which cause mental problems to people in general. On October 10, 2011, Plaintiff received a disciplinary report, but Plaintiff does not allege any facts about that report, other than that he refused to sign it.

Plaintiff was interrogated by Defendant Angela, a psychiatrist whose last name is not identified by Plaintiff. Defendant Angela determined that Plaintiff should be placed in a mental unit. Plaintiff was then interrogated by Defendant Garcia, another psychiatrist. On November 28, Plaintiff was interrogated by Defendant Scott, also a psychiatrist. Plaintiff complains the interrogations violated his Miranda rights, his attorney-client privilege, and his doctor-patient privilege. Plaintiff contends the psychiatrists tailor their testimony to the result wanted by prosecutors.

Plaintiff alleges his attorney, Defendant Jose Fernandez, has not filed necessary pretrial motions regarding the charge pending against Plaintiff. Plaintiff states he discovered "payoff cash under the table" by counsel to judges and/or the district attorney, but it is not clear what Plaintiff is alleging. Plaintiff complains generally, without any specific allegation, about psychiatric

evaluations.

Plaintiff contends Defendant police officer W. Karman assaulted, falsely arrested, and kidnapped Plaintiff. Plaintiff alleges Karman struck Plaintiff in the mouth and choked Plaintiff. Plaintiff also contends Karman abused his authority, violated Plaintiff's civil rights, failed to report a felony, lied to the grand jury, and discriminated against Plaintiff on the basis of race. Plaintiff also refers, without explanation, to extortion, bail bond racketeering, and official oppression.

Plaintiff claims Defendant's chief of police William McManus, city manager Sheryl Sculley, and mayor Julian Castro are liable for Defendant Karman's actions under a theory of respondeat superior.

Plaintiff asserts Defendant Amadeo Ortiz, Bexar County sheriff, tortured and assaulted Plaintiff, committed official oppression and false imprisonment, and failed to report a felony. Plaintiff also refers, without explanation, to bail bond racketeering, violation of civil rights, racial discrimination, extortion, strip searches, harassment, threats, false report, slander, and libel. Plaintiff contends Defendant Ortiz is liable under a theory of respondeat superior.

Plaintiff contends Defendant Susan Reed, district attorney, is liable under a theory of respondeat superior for fraudulent indictment, malicious prosecution, false imprisonment, extortion, violation of civil rights, and racial discrimination.

Plaintiff asserts Defendant Jose Fernandez, his attorney in the pending criminal case, failed to file necessary pretrial motions. Plaintiff states he sent a letter to Fernandez dismissing him as counsel, but in retaliation Fernandez requested a psychiatric evaluation.

Plaintiff claims Defendant psychiatrist Angela interrogated Plaintiff and placed him a mental dorm, violating Plaintiff's Miranda rights. Plaintiff asserts he is facing a psychiatric evaluation hearing. Plaintiff complains generally of official oppression, misuse of office, slander, libel, racial

discrimination, harassment, threats, physical restraint, slander of credit, and initiation of fraudulent charges in order to forcefully "contract" with Plaintiff.  Again, Plaintiff does not explain what he means by "contract with."

Plaintiff asserts Defendants psychiatrist Garcia and psychiatrist Scott interrogated him in violation of his Miranda rights.

For relief, Plaintiff asks that he be released from custody and his record be expunged.  He also asks for compensatory and punitive damages.  Plaintiff asks that the unconstitutional personal property fee at the jail be banned and refunded.

Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if  the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.  An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).  For the limited purpose of making these determinations, this Court assumes the factual allegations of the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 326 (1991).

When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990).  Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Plaintiff's complaint is frivolous and fails to state a claim for federal civil rights relief under*

4

*42 U.S.C. § 1983 and therefore is subject to dismissal for the following reasons.*

1.     Plaintiff shall state whether he was charged with criminal offenses relating to this incident, and, if so, the offense he was charged with, the case number and place of the proceeding, and the result of that proceeding (i.e., whether the charges are still pending; whether Plaintiff was found not guilty or guilty or were the charges dismissed; and what was the punishment, if any).

In *Heck v. Humphrey*, 512 U.S. 477, 86-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Thus, whether Plaintiff's case may proceed may depend on whether there have been criminal charges, the nature of any such charges, and the disposition of any such charges.

2.     Plaintiff's general claims against Defendants of racial discrimination, bail bond racketeering, racial discrimination, extortion, harassment, threats, false report, slander, libel, official oppression, failure to report a felony, and misuse of office are conclusory and are subject to dismissal on that basis.  Plaintiff alleges no facts that would show how his constitutional rights were violated regarding these claims.

3.     Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.

Ct. 2727, 73 L. Ed. 2d 396 (1982).  Once a qualified immunity defense is raised, it is the plaintiff's burden to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc).  Overcoming a qualified immunity defense requires examination of a two-step analysis:  the plaintiff must show the defendant violated his constitutional rights and the constitutional right allegedly violated was clearly established at the time the events in question occurred.  *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996).  Defendants in their individual capacity are entitled to invoke qualified immunity and Plaintiff has failed to allege particular facts sufficient to show Defendants are not entitled to qualified immunity.

4.      Plaintiff contends he was falsely arrested by Defendant Karman.  Plaintiff's claim is conclusory, because he does not allege the facts that were apparent to Karman when Karman arrested him.  In other words, Plaintiff fails to allege how his arrest was false.  Plaintiff does not allege facts that would show Karman had no probable cause to arrest him.  *See Club Retro LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir.2009).

        Moreover, Plaintiff's complaint refers to an indictment.  In *Smith v. Gonzalez*, 670 F. 2d 522, 524 (5th Cir. 1982), the Fifth Circuit held "if the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party."  *See also Rodriguez v. Ritchey*, 556 F. 2d 1185, 1190-1191 (5th Cir. 1982).  If Plaintiff has been indicted, he has no false arrest claim against Karman.

5.      Plaintiff complains of force used by Karman.  A claim of excessive force during the course of an arrest, investigatory stop, or other seizure falls under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386 (1989).  A seizure takes place when law enforcement officers restrain the liberty of a citizen by means of physical force or a show of authority.  *Id*. at 395 n.10.  To prevail on a claim of excessive force, a plaintiff must allege and show "(1) an injury (2) which resulted directly

and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009).

Plaintiff claims Karman put his hand on Plaintiff's mouth and choked Plaintiff in the parking lot of the magistrate building. Plaintiff also claims Karman struck him in the mouth. Additionally, Plaintiff contends Karman held Plaintiff's arms high while Plaintiff was handcuffed. Plaintiff does not state what he was doing immediately prior to Karman's use of force. Plaintiff does not state whether and, if so, how he was resisting, struggling against, or fighting Karman's efforts to take him out of the police car and into the magistrate building.

Plaintiff shall state in detail Karman's use of force about which he complains, and Plaintiff shall state in detail Plaintiff's actions before and during Karman's use of force. Also, Plaintiff has not alleged what injuries he suffered from Karman's use of force. Plaintiff shall allege what injuries he suffered from Karman's use of force and how Karman caused the injuries.

6.     Plaintiff claims Defendant's chief of police William McManus, city manager Sheryl Sculley, and mayor Julian Castro are liable for Defendant Karman's actions under a theory of respondeat superior. Plaintiff complains Defendant sheriff Amadeo Ortiz and Defendant district attorney Susan Reed are also liable for other constitutional violations under a theory of respondeat superior.

In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). An employer is not liable under § 1983 on a respondeat superior theory, *i.e.*, an employer is not liable under § 1983 solely because he employs a tortfeasor. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Plaintiff does not allege that Defendants McManus, Sculley, Castro, Ortiz, and Reed were personally involved in the actions about which Plaintiff

7

complains, and Plaintiff does not allege how Defendants McManus, Sculley, Castro, Ortiz, and Reed were responsible for a policy or custom giving rise to any constitutional deprivation.

7.      Plaintiff complains about conditions of his confinement.  He asserts there are strip searches. Plaintiff's claim is conclusory, because Plaintiff does not allege any facts about any strip searches, so he does not allege how strip searches violate his constitutional rights.

Plaintiff complains about meals.  "The [E]ighth [A]mendment requires that jails provide inmates with 'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (citation omitted).  Plaintiff makes conclusory claims about child portions and lack of salt.  Plaintiff does not include facts that would show the jail facility is not serving well-balanced meals containing sufficient nutritional value to preserve Plaintiff's health.

8.      Plaintiff contends Defendant Susan Reed, district attorney, is liable under a theory of respondeat superior for fraudulent indictment, malicious prosecution, false imprisonment, extortion, violation of civil rights, and racial discrimination.  As stated previously, Plaintiff has not shown how Reed was personally involved in, or was responsible for a policy or custom giving rise to, any constitutional deprivation.  Also, Plaintiff's claims against Reed are conclusory.  He does not allege any facts regarding a fraudulent indictment, malicious prosecution, false imprisonment, or any other claim regarding Reed.

Also, a prosecutor in the role of an advocate is absolutely immune from liability.  *See Burns v. Reed*, 500 U.S. 478, 492 (1991) (prosecutor's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing were protected by absolute immunity); *Graves v. Hampton*, 1 F.3d 315 318 n.9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony").  Plaintiff does not allege facts that would show Defendant Reed acted in a role other than as an advocate.  Also, there is no federal

constitutional claim based on the tort of malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir.2003).

9.      Plaintiff complains about Defendant Jose Fernandez, Plaintiff's defense attorney in the criminal case.   A criminal defense attorney, whether appointed or retained, is not a state actor for liability purposes under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Also, legal malpractice is not a basis for a civil rights claim under § 1983. *O'Brien v. Colbath*, 465 .2d 358 (5th Cir. 1972). Therefore, Plaintiff has not stated a cognizable claim against Defendant Fernandez.

10.      Plaintiff makes conclusory claims about Defendants-psychiatrists Angela, Garcia, and Scott. Plaintiff does not allege how his constitutional rights were violated by being placed in a "mental unit" or dorm.  Plaintiff does not allege how any interrogation violated his constitutional rights.  An "interrogation" occurs when a "person in custody is subjected to either express questioning or its functional equivalent" through words or actions "that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980).  Plaintiff does not allege that questions were designed to obtain incriminating information from Plaintiff about his pending criminal charge.  Plaintiff does not allege how he was harmed.

11.      Among other relief sought, Plaintiff asks that the unconstitutional twenty-five dollar personal property fee at the jail be banned and refunded.  However, Plaintiff does not allege any facts, nor does he allege any act of a named Defendant relating to the fee.  To the extent Plaintiff seeks to raise a claim about a personal property fee, the claim is conclusory and is subject to dismissal on that basis.

12.      Also among the relief sought by Plaintiff is his release from custody.  In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks release from confinement the inmate's sole remedy is through a writ of

habeas corpus.  Thus, release from custody is not available in a § 1983 action.

**Plaintiff shall show cause within twenty-one (21) days why his civil rights complaint should not be dismissed as frivolous and for failure to state a claim by filing a signed amended complaint (of no more than ten (10) pages) curing these deficiencies**.  If Plaintiff fails to respond to this Order his complaint will also be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with an order of his Court.  Alternatively, Plaintiff may request voluntary dismissal of this case.  Fed. R. Civ. P. 41(a)(1).

**It is so ORDERED**.

**SIGNED** on March 28, 2012.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE